UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Plaintiff,

v.

D/C EXPORT & DOMESTIC PACKING,
INC.,

    Defendant.

Case No. 17-cv-9195

**PLAINTIFF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Travelers Property Casualty Company of America ("Travelers"), by and through undersigned counsel, and for its Complaint for Declaratory Judgment against Defendant D/C Export & Domestic Packing, Inc. ("D/C Export"), states as follows:

**Introduction**

1. This declaratory judgment action arises from an underlying lawsuit against D/C Export related to alleged damage to property owned by FUJIFILM North America Corporation ("FUJIFILM"). Travelers seeks a declaration that it has no obligation to defend or indemnify D/C Export in the underlying lawsuit because a policy exclusion for loss or damage caused by "heat, cold, [or] changes or extremes in temperature" bars coverage.

**Parties, Jurisdiction, and Venue**

2. Travelers is a corporation organized under the laws of the state of Connecticut with its principal place of business in Connecticut. Travelers was, at all relevant times, licensed to conduct the business of insurance in Illinois.

3. D/C Export is a corporation organized under the laws of the state of Illinois with its principal place of business in Illinois. D/C Export was, at all relevant times, providing services as a warehouseman of property for hire.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) insofar as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

5. This Court may declare the rights and other legal relations of the parties to this matter pursuant to 28 U.S.C. § 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because D/C Export resides in this District and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Elk Grove Village, Illinois, within this District.

**Facts Common to All Counts**

7. FUJIFILM was the owner of a Graphium printing machine and accessories (collectively "the Machine").

8. FUJIFILM contracted with D/C Export to handle and store the Machine at D/C Export's warehouse in Elk Grove Village, Illinois.

9. D/C Export was required to store the Machine in a temperature-controlled portion of its warehouse because the Machine was sensitive to temperature extremes.

10. At some point on or prior to January 10, 2017, D/C Export relocated the Machine from temperature-controlled indoor storage to a shipping container located outside of the warehouse.

11. Storage outside of the warehouse exposed the Machine to freezing and otherwise inclement conditions, resulting in damage to the Machine.

12. On September 15, 2017, FUJIFILM filed a lawsuit against D/C Export as a result of the damage to the Machine, captioned *FUJIFILM North America Corporation v. D/C Export & Domestic Packing, Inc.*, Case No. 1:17-cv-06680, United States District Court, Northern District of Illinois, Eastern Division ("the Underlying Lawsuit"). A copy of the Complaint in the Underlying Lawsuit is attached as Exhibit A.

13. In the Underlying Lawsuit, FUJIFILM claims it suffered $1.65 million in damages as a result of damage to the Machine.

14. In the Underlying Lawsuit, FUJIFILM claims the Machine suffered damage from being exposed to the freezing and otherwise inclement outdoor weather conditions while the Machine was stored in the shipping container located outside of the D/C Export warehouse.

15. Travelers issued Commercial Inland Marine Policy No. QT-660-8E078518-TIL-16 to D/C Export for the policy period April 1, 2016 to April 1, 2017 ("the Policy"). A copy of the Policy is attached as Exhibit B.

16. The Policy provides the following terms in the Cargo and Logistics Pak coverage form:

> A. **COVERAGE**
>
> We will pay those sums you become legally obligated to pay as damages as a Motor Carrier, Warehouseman, Freight Forwarder, Logistics Service Provider or Other Bailee for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss.
>
> \* \* \*
>
> 3. **Covered Causes of Loss**
>
> Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS OR DAMAGE from an external cause, except for those causes of loss listed in the Exclusions.
>
> \* \* \*

  **4.**  **Additional Coverages**

    **a.**  **Duty to Defend**

We have the right and duty to defend you against any "suit". However, we will have no duty to defend you against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any occurrence and settle any claim or "suit" that may result. But:

  **(1)**  The amount we will pay for damages is limited as described in Section C – Limits of Insurance; and

  **(2)**  Our right and duty to defend ends when we have used up the applicable Limit of Insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under the Supplementary Payments Additional Coverage.

17. The Policy also contains the Temperature, Spoilage and Breakdown Coverage Changes endorsement, which adds the following exclusion:

**B.** The following is added to Section B – EXCLUSIONS:

**Temperature, Spoilage and Breakdown**

We will not pay for loss or damage caused directly or indirectly by any of the following:

 **a.** Heat, cold, change or extremes in temperature;

 **b.** Spoilage; or

 **c.** Breakdown or failure of temperature control equipment.

Such loss is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage.

However, this exclusion does not apply to fire or collision, upset or overturn of a Covered Conveyance in or on which Covered Property is located.

18. D/C Export sought a defense in the Underlying Lawsuit under the Policy.

4

19. Travelers denied coverage under the Policy and denies that it has any coverage obligation to D/C Export for the Underlying Lawsuit.

20. Upon information and belief, D/C Export does not accept Travelers' denial of coverage for the Underlying Lawsuit under the Policy.

## Count I

### Declaratory Judgment – No Duty to Defend

21. Travelers re-alleges the allegations contained in Paragraphs 1 through 20 of its Complaint as if fully set forth herein.

22. D/C Export contends that it is entitled to a defense under the Policy with respect to the Underlying Lawsuit.

23. The damage to the Machine was caused directly or indirectly by heat, cold, change or extremes in temperature.

24. Therefore, the Temperature, Spoilage and Breakdown exclusion bars coverage for D/C Export for the Underlying Lawsuit.

25. Because of the disagreement between D/C Export and Travelers with respect to coverage under the Policy for the Underlying Lawsuit, Travelers now seeks a declaration that it has no duty to defend D/C Export in the Underlying Lawsuit.

## Count II

### Declaratory Judgment – No Duty to Indemnify

26. Travelers re-alleges the allegations contained in Paragraphs 1 through 20 of its Complaint as if fully set forth herein.

27. D/C Export contends that it is entitled to indemnity under the Policy with respect to any settlement or judgment entered against it in the Underlying Lawsuit.

28. The damage to the Machine was caused directly or indirectly by heat, cold, change or extremes in temperature.

29. Therefore, the Temperature, Spoilage and Breakdown exclusion bars coverage for D/C Export for the Underlying Lawsuit.

30. Because of the disagreement between D/C Export and Travelers with respect to coverage under the Policy for the Underlying Lawsuit, Travelers now seeks a declaration that it has no duty to indemnify D/C Export in the Underlying Lawsuit.

WHEREFORE, Travelers respectfully requests entry of judgment in its favor and against D/C Export and a declaration that Travelers has no duty to defend or indemnify D/C Export in connection with the Underlying Lawsuit. Travelers also seeks its costs and such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Matthew S. Ponzi
Matthew S. Ponzi
mponzi@fgppr.com
James F. Baffa
jbaffa@fgppr.com
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
(312) 863-5000

Attorneys for Defendant Travelers Property Casualty Company of America